**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

| | |
|---|---|
| FIRST TENNESSEE BANK NATIONAL ASSOCIATION,<br><br>        Plaintiff.<br><br>v.<br><br>SERVICE FOODS, INC., d/b/a Blue Ribbon Foods, et al,<br><br>        Defendants. | Case No. 0:16-cv-60540 |

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| FIRST TENNESSEE BANK NATIONAL ASSOCIATION,<br><br>        Plaintiff.<br><br>v.<br><br>SERVICE FOODS, INC., d/b/a Blue Ribbon Foods, et al,<br><br>        Defendants. | Case No. 1:15-cv-02940-CAP |

**MOTION FOR CONTEMPT AND TO COMPEL NON-PARTY**
**KMT VENTURES, LLC'S COMPLIANCE WITH SUBPOENA**
**<u>WITH INCORPORATED MEMORANDUM OF LAW</u>**

COMES NOW Plaintiff First Tennessee Bank National Association ("**First Tennessee**"), and pursuant to Fed. R. Civ. P. 45, moves this Court (a) to find non-party witness KMT Ventures, LLC ("**KMT Ventures**") in contempt for its failure to comply with a subpoena issued on December 17, 2015, and (b) to compel KMT Ventures to produce responsive documents within 10 days of entry of the order. In support of this motion, First Tennessee respectfully shows this Court the following:

## INTRODUCTION

On August 19, 2015, First Tennessee filed suit in the United States District Court for the Northern District of Georgia (the **"N.D. Ga. Action"**) to collect an unpaid and matured commercial loan in excess of $10,000,000 from its borrower, Service Foods, Inc. ("**Service Foods**"), and several related guarantors.[1] See [Civil File No. 1:15-cv-02940-CAP, Dkt. No. 1]. Significant to the pending motion, First Tennessee alleges in the N.D. Action that the Individual Guarantors misappropriated First Tennessee's collateral by, among other things, transferring the collateral to entities related to one or both of them without its knowledge or consent. See [Civil File No. 1:15-cv-02940-CAP, Dkt. No. 17]. For example, First Tennessee alleges the Individual Guarantors unlawfully caused Service Foods to disburse approximately $81,843 to KMT Ventures, among others. See id.

On December 17, 2015, First Tennessee filed a First Notice of Non-Party Subpoenas in the N.D. Ga. Action, including notice of the subject subpoena to KMT Ventures (the "**Subpoena**"). See [Civil File No. 1:15-cv-02940-CAP, Dkt. No. 37, pp. 55-60]. Service was perfected on KMT Ventures on December 18, 2015. See [Subpoena and the Affidavit of Service, collectively attached hereto as Exhibit 1]. To date, KMT Ventures has failed to respond to the Subpoena despite a document production deadline of January 13, 2016.

First Tennessee's counsel made a good faith effort to secure KMT Ventures' compliance with the Subpoena prior to bringing this motion. By letter dated March 9, 2016, First Tennessee unilaterally extended the production deadline through and including the close of business on

---

[1] There are four guarantors who are co-Defendants in this case: (a) Defendants Service Foods Southern Division d/b/a Southern Foods and Home, and H-Son Financial, Inc. d/b/a Jefferson Financial (collectively, the "**Corporate Guarantors**"), and (b) Defendants Harold T. Pounders and Keith Kantor (collectively, the "**Individual Guarantors**").

2

Monday, March 14, 2016. See [Good Faith Letter dated March 9, 2016, attached hereto as Exhibit 2]. KMT Ventures did not respond to the letter either. Accordingly, First Tennessee seeks this Court's assistance and requests an order holding KMT Ventures in contempt and compelling KMT Ventures' compliance with the Subpoena.

## ARGUMENT AND CITATION OF AUTHORITY

Rule 45 of the Federal Rules of Civil Procedure (hereinafter **"Rule 45"**) governs the issuance and service of subpoenas. Under Rule 45, a party may command a person to produce designated documents, electronically stored information, or tangible things in that person's possession, custody or control at a specified time and place. See Fed. R. Civ. P. 45(a)(1)(A)(iii). "[T]he scope of subpoenas for production of documents pursuant to Rule 45 'is the same as the scope of discovery under Rule 26(b) and Rule 34.'" Se. Mech. Services, Inc. v. Brody, 2009 WL 3095642, at *3 (N.D. Ga. 2009) (citations omitted).

A properly issued and served subpoena provides a court with jurisdiction over a non-party witness within the court's territorial jurisdiction with respect to the discovery requested in the subpoena. Hernandez v. Tregea, 2008 WL 3157192, at *3 (M.D. Fla. 2008). Further, Rule 45 requires a non-party's objections to be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. See Fed. R. Civ. P. 45(d)(2)(B). A non-party's failure to comply with a Rule 45 subpoena, even in the absence of further court order, exposes that non-party to possible contempt. Hortvon v. Maersk Line, Ltd., 2012 WL 5385611, at *1 (S.D. Ga. 2012) (citing Matter of Certain Complaints Under Investigation by an Investigating Committee of Judicial Council of the Eleventh Circuit, 783 F.2d 1488, 1495 (11th Cir. 1986) (stating, "[i]f a witness disregards the subpoena and fails to comply without filing a

3

timely motion to quash, the witness may be found in contempt of court, with no need for any further court order")); see also Fed. R. Civ. P. 45(g).

There are two types of contempt—civil and criminal. Bray & Gillespie Mgmt LLC v. Lexington Ins. Co., 2008 WL 4371345, at *3 (M.D. Fla. 2008). Civil contempt is a process used by a court to compel compliance with a subpoena or court order. Id. Criminal contempt is penal in nature and requires compliance with the protections that the Constitution requires in criminal proceedings. Id. (citing Int'l Union, United Mine Workers of Am. v. Bagwell, 512 U.S. 821, 826-27, 114 S. Ct. 2552, 129 L.Ed.2d 642 (1994)). "A contempt fine ... is considered civil and remedial if it either 'coerce[s] the [contemnor] into compliance with the court's order, [or] ... compensate[s] the complainant for losses sustained.'" Id. (quoting United States v. Mine Workers, 330 U.S. 258, 303-04, 67 S.Ct. 677, 91 L.Ed. 884 (1947)).

In a civil contempt proceeding, the movant bears the burden of establishing by "clear and convincing" proof that the alleged contemnor violated the underlying order. Id. (citing Howard Johnson Co. v. Khimani, 892 F.2d 1512, 1516 (11th Cir. 1990)). Once the moving party makes a prima facie showing, the burden of production shifts to the alleged contemnor to show a "present inability to comply that goes 'beyond a mere assertion of inability....' " Id. (citing Howard Johnson Co., 892 F.2d at 1516). The focus of the court's inquiry is not on the subjective beliefs or intent of the alleged contemnor in complying with the order, but whether in fact its conduct complied with the order at issue. Id. Conduct that evinces substantial, but not complete, compliance with the court order may be excused if it was made as part of a good faith effort at compliance. Id. (citing Howard Johnson Co., 892 F.2d at 1516).

Upon a finding of contempt, a district court has broad discretion in fashioning a contempt sanction. Sizzler Family Steak Houses v. Western Sizzlin Steak House, Inc., 793 F.2d 1529,1536

n. 8 (11th Cir. 1986) (citations omitted).  Costs may be awarded as a sanction, and a district court is not bound by 28 U.S.C. § 1920's list of costs taxable as part of a final judgment.  Tom James Co. v. Morgan, 141 Fed.Appx. 894, 900 (11th Cir. 2005) (citations omitted).  Instead, a district court, in its discretion, may exercise its "wide power ... to impose fines for disobedience to its orders." Id. (citations omitted).

Applying these standards to the instant case, KMT Ventures' registered agent accepted service of the Subpoena on December 18, 2015.  See Exhibit 1.  A "senior corporate operations manager" employed with CT Corporation System confirmed receipt of the Subpoena.  See Exhibit 1.

Despite receipt of the Subpoena, KMT Ventures completely ignored the Subpoena. Moreover, any attempt to raise an objection at this point is futile under Rule 45(d)(2)(B).[2] Accordingly,  First Tennessee satisfied its burden under Howard Johnson Co. for enforcement of the Subpoena. KMT Ventures' lack of response also establishes under Howard Johnson Co. a lack of good faith effort to attempt compliance.

Nevertheless, and in an effort to resolve the matter short of this Court's involvement, First Tennessee unilaterally granted KMT Ventures an extension of time through the close of business on Monday, March 14, 2016 to comply with the Subpoena.  See Exhibit 2.  KMT Ventures ignored the good faith letter in the same way it ignored the Subpoena.  Therefore, based on KMT Ventures' blatant disregard of the Subpoena and First Tennessee's good faith efforts to resolve this matter, it is appropriate for this Court to award fees and costs to First Tennessee in addition to other relief.

---

[2] KMT Ventures' failure to timely object under Rule 45 waived any and all applicable objections to the Subpoena. See Rule 45(d)(2)(B).

## CONCLUSION

For the reasons set forth above, First Tennessee respectfully requests (i) an order finding KMT Ventures in contempt for its failure to comply with the Subpoena, (ii) an order directing KMT Ventures to produce documents responsive to the Subpoena within 10 days, (iii) an award of reasonable attorneys' fees, and (iv) such other and further relief the Court deems just and appropriate.

Submitted: March 16, 2016.

*/s/ A. RENEE DECKER*
A. Renee Decker, Esq.
Florida Bar No. 60384
BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, P.C.
100 S.E. Third Ave, Suite 1620
Fort Lauderdale, Florida 33394
Telephone: 954.768.1600
Facsimile: 954.867.1326
Email: rdecker@bakerdonelson.com

Attorneys for First Tennessee Bank National Association

## CERTIFICATE OF COMPLIANCE UNDER LOCAL RULE 7.1(a)(3)

Counsel for First Tennessee Bank National Association certifies that by letter dated March 9, 2016, First Tennessee made reasonable efforts to confer with non-party KMT Ventures, LLC to resolve the issues raised in the motion but has been unable to obtain a response from KMT Ventures, LLC.

/s/ A. RENEE DECKER
A. Renee Decker, Esq.

## CERTIFICATE OF SERVICE

I hereby certify that on March 16, 2016, I served a copy of the foregoing Motion for Contempt and to Compel Non-Party KMT Ventures, LLC's Compliance with Subpoena and Incorporated Memorandum of Law electronically via CM/ECF or via U.S. mail to all parties/attorneys on the list to receive service/notice in this case, including but not limited to the following:

**via U.S. Mail**

KMT Ventures, LLC
C/O CT Corporation System
1200 South Pine Island Road
Suite 250
Plantation, FL 33324

KMT Ventures, LLC
2746 Scenic Gulf Drive, #211
Miramar Beach, FL 32550

**via U.S. Mail**

Todd E. Hatcher, Esq.
H. Scott Gregory, Jr., Esq.
Gregory, Doyle, Calhoun & Rogers, LLC
49 Atlanta St.
Marietta, GA 30060

Gustav H. Small, Jr., Esq.
Brent William Herrin, Esq.
Elizabeth B. Hodges, Esq.
Cohen Pollock Merlin & Small, P.C.
3350 Riverwood Parkway Suite 1600
Atlanta, GA 30339-6401

/s/ A. RENEE DECKER
A. Renee Decker, Esq.